THEOPHILUS COTA *vs.* JOHN MISHOW and trustees.

*Trustee process. R. S., c. 86, § 64. Set off and recoupment.*

In a process of foreign attachment, when the amount attached arises from a contract which has been broken by the principal defendant, the trustees, if liable at all, are only liable for the sum due under the contract after deducting the amount of damages suffered in consequence of the breach of it, by way of recoupment.

The provision of R. S., c. 86, § 64, excepting from the right of set-off by trustees, claims for "unliquidated damages for wrongs and injuries," refers to independent claims and not to those accruing from the contract itself, which are, technically, matters of recoupment only.

ON EXCEPTIONS.

The trustees in this case disclosed that Mishow engaged to work a year for them, from May 1, 1872, to May 1, 1873 ; that on the eighth day of October, 1872, he abandoned his work and contract, without their consent, and to their great injury ; that there was then due him, for labor up to that time, $612.37, of which they subsequently paid $300 upon previous attachments, and claimed that the other $312.37 remaining, would not fully compensate them for the damages suffered by Mishow's breach of his contract, and to retain it for that purpose. The presiding justice charged the trustees for $312.37, and they excepted.

If the exceptions were sustained, the action was to stand for trial upon allegations filed by the plaintiff.

*N. Wilson,* for the plaintiff.

*Sewall & Blanchard,* for the trustees.

DANFORTH, J. Exceptions upon the disclosure of the trustees, by which it appears that the only foundation for their liability arises from a written contract between them and the principal defendant, and the only question involved is the amount due, if

Cota *v.* Mishow.

any thing, upon that contract. It is admitted that there was a breach of the contract by the principal defendant, and the trustees willing to allow him what he had earned under it, claim to have deducted from that amount the damages they have actually suffered in consequence of the breach by way of recoupment. In an action against them by the principal defendant, they would unquestionably be entitled to have this claim allowed. They can legally be placed in no worse condition as trustees. In either process they can be liable only for what is actually due under the contract, and this must be, if there is any liability on the part of the trustees, the amount earned by the principal defendant less the damages caused by his breach, deducted not by way of set-off, but by recoupment.

This does not violate the provisions of R. S., c. 86, § 64, excepting from the privilege of deduction by way of set-off claims for "unliquidated damages for wrongs and injuries." This refers to independent claims, and not to such as arise out of the contract itself, upon which the debt is founded. The trustees are liable for only such sums as shall be found due upon the contract, less what they have legally paid upon prior attachments. To ascertain this amount, by the agreement of the parties, the action is to stand for trial.                         *Exceptions sustained.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.